UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY JAMES REDMOND,

    Plaintiff,

v.                                                        Case No. 06-C-1242

SONJA L. LEATHERWOOD, OFFICER SULLIVAN,
ROBERT D. SHOONOVER, TONY D. KROLL,
TIMOTHY C. ZWICKE, STEVEN S. ROBAKOWSKI,
BRANDON S. RIOS, JAMIE L. MOSER,
JOHN DOE, sued as Officer John Doe,
John Doe CERTs 1-5, and Nurse John Doe
and JANE DOE, sued as Jane Does 1 and 2,

    Defendants.

---

## ORDER

Plaintiff, Rodney James Redmond, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for default judgment and the plaintiff's motion to compel.[1]

**1.    Motion to Compel**

The plaintiff has filed a motion to compel the defendants to answer his discovery requests. On December 18, 2007, the plaintiff served the defendants with requests for production of documents. On February 13, 2008, the plaintiff served the defendants with his first set of interrogatories. The plaintiff did not receive responses

---

[1] The court notes that the plaintiff's pleadings are difficult to read because the printing is extremely small. The court asks the plaintiff to make his future pleadings more legible by increasing the size of his writing and/or by typing his pleadings.

to either set of discovery requests. On March 25, 2008, the plaintiff sent a letter to the defendants' attorney advising that he would file a motion to compel if he did not receive discovery responses. The plaintiff's motion to compel was filed with the court on April 15, 2008. The defendants have not filed a response to the plaintiff's motion to compel.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Although Rule 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civil L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be

2

accompanied by a written statement that, "after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord." Civil L.R. 37.1 (E.D.Wis.).

Here, the defendants appear to have entirely ignored the plaintiff's discovery requests, his attempt at consultation and his motion to compel. Consequently, the court will grant the plaintiff's motion to compel. The defendants shall serve the plaintiff with responses to his December 18, 2007 requests for production of documents and February 13, 2008 interrogatories on or before **Friday, February 27, 2009**.

**2. Motion for Judgment by Default**

The plaintiff has also filed a motion for default judgment as to defendants John Doe Certs 1-5, Nurse Jane Does 1 & 2, and Nurse John Doe. Federal Rule of Civil Procedure 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

However, the entry of default does not automatically mean that a default judgment will be entered. When an application is made to the court under Rule 55(b) for the entry of a judgment by default, the court is required to exercise judicial discretion in determining whether the judgment should be entered. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2685 at 30 (3d

ed.1998); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("entry of default order does not, however, preclude a party from challenging the sufficiency of the complaint"). The party against whom judgment is sought must have been properly served with process. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 1998).

Although the plaintiff has submitted a number of informal requests for the court to enter default as to these defendants, the court cannot enter default against the John Does and Jane Does. The party against whom the default is entered must have been properly served with process. The court will not enter default or judgment by default as to parties who have not yet been identified and properly served with process. Because the plaintiff is a prisoner he may not be in a position to identify the proper defendants in his complaint. *Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995). However, he must eventually discover the names of the defendants. *Id.* The plaintiff must conduct discovery aimed at identifying the John Does and Jane Does named in his Amended Complaint. "To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

In this case, because there has been no entry of default as to these defendants, the court cannot enter a default judgment. The plaintiff's motion for default judgment will be denied.

4

### 3. Named Defendants

As an final matter, the court has reviewed the docket in this case and determined that the named defendants have been unresponsive and uninvolved in this litigation. They are represented by Roy L. Williams, Milwaukee County Corporation Counsel, and filed an answer to the plaintiff's original complaint on May 9, 2007.[2] They have filed no other pleadings in this litigation.

In a Decision and Order dated November 13, 2007, the court granted the plaintiff's motion to amend his complaint and directed "that the defendants shall file a responsive pleading to this complaint." Yet the named defendants, Sonja L. Leatherwood, Officer Sullivan, Robert D. Shoonover, Tony D. Kroll, Timothy C. Zwicke, Steven S. Robakowski, Brandon S. Rios, and Jamie L. Moser, have not filed a pleading responsive to the plaintiff's Amended Complaint. The named defendants shall file a pleading responsive to the plaintiff's Amended Complaint on or before **Friday, February 27, 2009**. Their failure to do so will result in the entry of default against each of the named defendants.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #53) is **GRANTED**.

---

[2] The defendants filed a certificate of interest (Docket #22) and certificate of service (Docket #23) the same day.

**IT IS FURTHER ORDERED** that the defendants shall provide responses on or before Friday, **February 27, 2009**, to: (1) plaintiff's request for production of documents dated December 18, 2007; and (2) plaintiff's first set of interrogatories to defendants dated February 13, 2008.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment as to defendants John Doe Certs 1-5, Nurse Jane Does 1 & 2, and Nurse John Doe (Docket #55) is **DENIED**.

**IT IS FURTHER ORDERED** that the named defendants, Sonja LL Leatherwood, Officer Sullivan, Robert D. Shoonover, Tony D. Kroll, Timothy C. Zwicke, Steven S. Robakowski, Brandon S. Rios, and Jamie L. Moser, shall file a responsive pleading to the plaintiff's Amended Complaint on or before **Friday, February 27, 2009**. Failure to file a responsive pleading on or before February 27, 2009, will result in an entry of default against Sonja L. Leatherwood, Officer Sullivan, Robert D. Shoonover, Tony D. Kroll, Timothy C. Zwicke, Steven S. Robakowski, Brandon S. Rios, and Jamie L. Moser.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge