# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

RODNEY JAMES REDMOND,

        Plaintiff,

    v.                                      Case No. 06-CV-1242

SONJA L. LEATHERWOOD, OFFICER SULLIVAN,
ROBERT D. SHOONOVER, TONY D. KROLL,
TIMOTHY C. ZWICKE, STEVEN S. ROBAKOWSKI,
BRANDON S. RIOS, JAMIE L. MOSER,
JOHN DOES and JANE DOES

        Defendants.

---

## DECISION AND ORDER

Plaintiff, Rodney James Redmond, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on Eighth Amendment medical care, conditions of confinement, and excessive force claims. On January 29, 2009, the court issued an order directing the defendants to: (1) file an answer to the plaintiff's Amended Complaint; and (2) respond to the plaintiff's requests for discovery. This matter now comes before the court on the plaintiff's motion for sanctions and request for default judgment, his motion to compel discovery, his motion for an order identifying Jane and John Does, and his request for a scheduling conference.

### PLAINTIFF'S MOTION FOR SANCTIONS AND
### REQUEST FOR DEFAULT JUDGMENT

In its January 29, 2009 order, the court granted the plaintiff's motion to compel and directed the defendants to serve the plaintiff with discovery responses on or

before February 27, 2009.  On February 28, 2009, the plaintiff filed a motion for sanctions against the defendants.  The plaintiff claimed that the defendants failed to comply with a court order to respond to the plaintiff's discovery requests by February 27, 2009.  Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2).

When the plaintiff filed his motion on February 28, 2009, one day past the deadline for the defendants to serve discovery responses, he had not yet received the defendants' responses.  However, the court notes that the defendants filed a letter with the court on February 27, 2009, indicating that their responses to the discovery requests were mailed that day.  Additionally, in their response to the plaintiff's motion, the defendants confirmed that they provided the plaintiff with discovery responses by the deadline.  The plaintiff acknowledged in his reply brief that the defendants responded to most of his discovery requests, but he argued that he still seeks compensation for all his "discovery efforts."  (Plaintiff's Reply Brief, Docket #71).  The defendants complied with the court's order to serve the plaintiff with discovery responses by February 27, 2009.  Consequently, the plaintiff's motion for sanctions will be denied.

As part of his motion for sanctions, the plaintiff also requested default judgment against the named defendants for their alleged failure to comply with this court's January 29, 2009 order.  In his reply brief, however, the plaintiff withdrew his

request for default judgment "since the defendants did finally respond to most of [his] discovery requests." *Id.* Thus, there is no outstanding request for default judgment.

## PLAINTIFF'S MOTION TO COMPEL

In April 2009, the plaintiff filed a motion to compel regarding the defendants' responses to his discovery requests. Under Federal Rule of Civil Procedure 37, a party is permitted to compel discovery where another party's response to a discovery request is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(4). For purposes of Rule 37(a), "an evasive or incomplete . . . response must be treated as a failure to . . . respond." *Id.* The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Although Rule 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civil L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that, "after personal consultation with the party

3

adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord." Civil L.R. 37.1 (E.D. Wis.).

In both his brief in support of his motion to compel and in his affidavit, the plaintiff indicates that he sent a letter to the defendants on March 3, 2009, attempting to resolve his disputes without involving the court. He also attached a copy of that letter to his affidavit. On March 31, 2009, the defendants provided additional responses to the plaintiff's request for production of documents. However, according to the plaintiff, the defendants did not address his interrogatories. The plaintiff subsequently filed his motion to compel. Thus, this court concludes that the plaintiff has satisfied the requirements of Fed. R. Civ. P. 37(a)(1) and Civil L.R. 37.1 (E.D. Wis.) and will consider the merits of the plaintiff's motion to compel.

First, the plaintiff makes the global argument that the defendants waived their right to object to his requests for production of documents and interrogatories by not responding in a timely manner. Under Federal Rule of Civil Procedure 33(b)(2), "the responding party must serve its answers and any objections within 30 days after being served with the interrogatories." However, a longer time may be ordered by the court. *Id.* Likewise, a party must also respond to requests for production of documents within 30 days unless the court allows for a longer time. Fed. R. Civ. P. 34 (b)(2)(A). The defendants did not present good cause for their failure to timely respond to the discovery requests and, as such, their right to object has been waived. Nevertheless, the court will evaluate the plaintiff's requests because it has the power to limit the scope of the discovery if "the burden or expense of the

4

proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Second, the plaintiff submits that the defendants provided evasive and incomplete answers by objecting to many of his relevant discovery requests. Specifically, the plaintiff challenges the defendants' responses to Request Nos. 1 and 6, and Interrogatory Nos. 1, 2, 3 and 4. In their response brief, the defendants argue that their answers were not evasive, but rather that many of the plaintiff's discovery requests were "confusing, vague, or very broad," not likely to lead to the discovery of admissible evidence, or too personal in nature. (Defendants' Response Brief, Docket #77). The court will address each of the discovery requests in the plaintiff's motion separately.

The plaintiff's Request No. 1 seeks:

> Any and all grievances, complaints, or other documents received by the defendant or their agents at the Milwaukee County Jail by any and all inmates in segregation concerning mistreatment of inmates by the defendants, and any memoranda, investigative files, or other documents created in response to such documents since January 1, 2005.

The defendants objected to the request "on the grounds that it is vague, overly broad, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Although the request was not artfully worded, it is evident to the court that the plaintiff sought any grievances or complaints filed

5

against the defendants by segregation inmates from January 1, 2005, through the present, along with their accompanying investigative files. The court will not allow the defendants to rely on technicalities or imprecise language to withhold relevant discovery from a *pro se* plaintiff. The defendants shall provide a response to this request, as clarified by the court, on or before **Friday, December 11, 2009**.

The plaintiff's Request No. 2 asks for "[a]ny and all video camera's [sic] concerning the days in question including April 15th, 16th, 18th, 19th, 20th and 30th 2006 and May 4th, 15th, 16th 2006." After making several objections, the defendants responded that video cameras themselves would not be turned over, and that surveillance video tapes from the jail are only kept for two weeks and then destroyed. Thereafter, the defendants located a DVD of the plaintiff's interaction with the CERT team on April 20, 2006, which is the basis of the plaintiff's excessive force claim. On May 12, 2009, the defendants provided the plaintiff with a copy of the DVD. There is nothing deficient about the defendants' response to this request.

The first three interrogatories that are part of the plaintiff's motion to compel seek extensive information regarding the defendants, including their dates of birth, their complete educational backgrounds, and their complete work histories for the last twenty-five years. Regarding Interrogatory No. 1, the defendants argue that personal information about law enforcement employees should not be provided to the plaintiff. They also argue that revealing the personal contact information of law enforcement employees places both the defendants and their families in undue harm. In their discovery responses, the defendants objected and then provided the

6

defendants' names, job titles, employer and work address. Considering the nature of the work that the defendants perform, the court will not compel them to provide their dates of birth or personal contact information. The court considers the defendants' response to Interrogatory No. 1 to be sufficient.

However, the defendants made no attempt to answer Interrogatory Nos. 2 and 3 and, as discussed above, had waived their right to object by not responding to the interrogatories within thirty days. In their discovery responses, the defendants simply objected and did not provide any of the requested information. Then, in their response to the motion to compel, the defendants argue that the plaintiff's request for each defendant's complete work history for the last twenty-five years is not relevant to the plaintiff's claims and is not reasonably calculated to lead to the discovery of admissible evidence. The defendants do not address the plaintiff's request for the defendants' educational backgrounds. The plaintiff maintains that his requests for the defendants' "complete educational background" and "complete work history for the past twenty-five (25) years" will yield information necessary to determine whether the defendants were ever taught about human rights or fired for violating a person's health or safety. (Plaintiff's Brief, Docket #73).

The court notes that the information requested may be relevant to the plaintiff's Eighth Amendment claims, but also finds that Interrogatory Nos. 2 and 3 are very broad, encompass less relevant matters that occurred long before the incidents in question, and place a heavy burden on the disclosing party. However, that does not excuse the defendants' complete refusal to answer them. Essentially,

the plaintiff is asking for each defendant's resume or curriculum vitae. Although the subparts of the plaintiff's interrogatories and the details he asks for are cumbersome, it should not be difficult for the defendants to provide details regarding their education and employment history.

"The task of the trial court is to balance the relevance of the information against the burden of production on Defendants." *Flomo v. Bridgestone Am.'s Holding, Inc.*, No. 1:06-cv-00627-DFH-JMS, 2009 WL 1456736, at *2 (S.D. Ind. May 20, 2009) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 652 (D. Kan. 2006)). As such, in response to Interrogatory No. 2, the court will direct each defendant to provide the plaintiff with information regarding any degree he or she earned, the school that granted the degree, and the month and year the degree was granted. In response to Interrogatory No. 3, the court will direct each defendant to provide the plaintiff with his or her employment history for only the last ten years, including: (a) the name and address of each employer; (b) the defendant's job title; (c) job duties; (d) dates of employment; and (5) reasons for leaving employment. The defendants shall supplement their responses to these interrogatories, consistent with this order, on or before **Friday, December 11, 2009**. To the extent the plaintiffs' interrogatories seek additional information or cover a larger time frame, the plaintiff's motion to compel will be denied.

The fourth interrogatory that is part of the plaintiff's motion asks for "each and every witness you contend has any knowledge as to any facts asserted by the plaintiff's in their complaint and/or with any knowledge as to any facts or information

8

supporting any of the defendants purported defenses in this lawsuit and who will or may be, called to trial as a witness." [sic]  For each person identified, the plaintiff asks for his/her full name, date of birth, title, address and telephone number, as well as "a complete summary of all the facts and information the witnesses possess."

As they did with the information regarding the defendants themselves, the defendants could have provided the names, titles and addresses of potential witnesses without divulging more personal information, such as date of birth and telephone number.  The court respects the defendants' desire not to provide dates of birth for any witnesses who are employed by the Milwaukee County Sheriff's Office.  However, the defendants have provided no legitimate reason for withholding the names and other information regarding potential witnesses, including a summary of their expected testimony.  Thus, the court will direct the defendants to supplement their response to this interrogatory on or before **Friday, December 11, 2009**.  For the foregoing reasons, the court will grant in part and deny in part the plaintiff's motion to compel.

### PLAINTIFF'S MOTION FOR ORDER IDENTIFYING JOHN AND JANE DOES

The plaintiff also filed a motion for an order identifying John and Jane Does on February 28, 2009, along with his motion for sanctions and request for default judgment.  In his motion, the plaintiff explains that he sincerely tried to identify the unnamed defendants "by using interrogatories and a motion to compel" and that he now seeks court assistance since he has "no other means [by which] to identify"

9

them. (Pl.'s Mot. to Identify Docket #63). Since filing this motion, the plaintiff has received multiple sets of discovery responses from the defendants.

The defendants filed a response in which they agreed to "provide the Plaintiff with all necessary information as soon as he fully executes and returns a medical authorization [form]." (Defs.' Resp. Docket #66). The plaintiff sent a signed medical authorization form to the defendants' attorney on March 3, 2009. After the plaintiff signed the medical authorization form, the defendants were able to access and produce the plaintiff's medical records on March 31, 2009, which likely included the names of medical personnel.

On April 16, 2009, the plaintiff submitted a brief in which he explained that he would not be able to identify John Doe Certs 1-5 and Officer John Doe from information in his medical file and, therefore, he again requested the court's help in identifying the unnamed defendants. On or about May 12, 2009, the defendants located and provided the plaintiff with a copy of the DVD of his interaction with the CERT team, which may have helped the plaintiff to visually identify CERT members.

"To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). This court has a duty to intervene and help the plaintiff in the future if he is unable to identify the unnamed defendants through his discovery efforts. However, the plaintiff has not advised the court that he continues to be unable to identify John and Jane Does. It is unclear the extent to which the plaintiff still needs the court's

assistance. At this time, the plaintiff's motion for an order identifying John and Jane Does will be denied without prejudice.

## PLAINTIFF'S REQUEST FOR SCHEDULING CONFERENCE

Finally, the plaintiff filed a request for a scheduling conference to set discovery deadlines and a trial date. A scheduling conference, however, is not necessary in this case, and the plaintiff's request for a scheduling conference will be denied. This court will issue a separate Scheduling Order that sets forth the applicable deadlines.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for sanctions (Docket #62) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's request for default judgment (Docket #62) be and the same is hereby **WITHDRAWN;**

**IT IS FURTHER ORDERED** that the plaintiff's request for a scheduling conference (Docket #70) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #72) be and the same is hereby **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that the defendants shall supplement their responses to the plaintiff's discovery requests, consistent with this order, on or before **Friday, December 11, 2009**; and

Case 2:06-cv-01242-JPS   Filed 11/20/09   Page 11 of 12   Document 81

**IT IS FURTHER ORDERED** that the plaintiff's motion for order identifying John and Jane Does (Docket #63) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge